UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CORNEL OLIVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00774 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Cornel Oliver's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 ("the Petition").[1] (Doc. No. 9.) Oliver argues that his § 924(j) conviction in case number 3:11-cr-00012-21 should be vacated because it was based on a "crime of violence" that can no longer be considered a crime of violence after the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019). (Doc. No. 9 at 3–6.) For the following reasons, the Petition will be granted.

### I. BACKGROUND

On July 17, 2015, Oliver pled guilty to one count of the Second Superseding Indictment charging him with murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j) (Count 4). (Case No. 3:11-cr-00012-21, Doc. Nos. 2081 at 3–4; 2607 at 4.) The Second Superseding Indictment specified that the "crime of violence" supporting Oliver's § 924(c) charge was a "conspiracy to commit a Hobbs Act extortion and robbery." (Case No. 3:11-cr-00012-21, Doc. No. 2081 at 3–4.) Pursuant to the

---

[1] The Court also received Oliver's Notice Regarding Medical Condition (Doc. No. 20) and supporting exhibits, which the Court construes as a motion to expedite decision. However, Oliver's notice did not affect the Court's decision to grant the Petition.

parties' Federal Rule of Criminal Procedure 11(c)(1)(C) Plea Agreement, Oliver agreed to serve 300 months of imprisonment and the Government agreed to dismiss the remaining counts against him, including two drug charges (Counts 1 & 2) and two independent counts of Hobbs Act conspiracy (Counts 3 & 5).[2] (Case No. 3:11-cr-00012-21, Doc. No. 2607 at 8–9, 15.) On December 2, 2015, Oliver was sentenced to a total term of 300 months imprisonment. (Case No. 3:11-cr-00012-21, Doc. No. 2756 at 2.) Oliver did not appeal his conviction or sentence.

On September 3, 2019, Oliver filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), which was later amended by counsel (Doc. No. 9). The Government filed a response in opposition (Doc. No. 16), and Oliver replied (Doc. No. 17).

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." To obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

---

[2] Oliver's Plea Agreement contained a detailed waiver of appellate and post-conviction rights, providing that Oliver "knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255" except in certain situations not relevant here. (Case No. 3:11-cr-00012-21, Doc. No. 2607 at 17–18.) In a recent unpublished order, the Sixth Circuit held that an identical collateral-attack waiver did not prevent a defendant from challenging his *conviction* under Davis. See In re Brooks, No. 19-6189, 2020 U.S. App. LEXIS 6371, at *3 (6th Cir. Feb. 28, 2020) (citing United States v. Spear, 753 F.3d 964, 970 (9th Cir. 2014). However, the Court need not decide the applicability of Brooks here because, without conceding that Oliver waived his right to collaterally attack his conviction, "the United States has made the considered decision to exercise [its] discretion and not enforce Oliver's waiver provision." (Doc. No. 16 at 5 n.2.); see also United States v. McMahan, 732 F. App'x 665, 668 (10th Cir. 2018) ("Collateral-attack waivers aren't jurisdictional, so [courts] have no duty to enforce them sua sponte.")

**III.     ANALYSIS**

Oliver moves to vacate his 18 U.S.C. § 924(j) conviction as unconstitutional, arguing that the underlying crime of conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of violence" under the rule of United States v. Davis, 139 S.Ct. 2319 (2019). For context, Oliver pled guilty to § 924(j), which is a violation of 18 U.S.C. § 924(c) that results in murder caused by a firearm. As relevant here, § 924(c) makes it illegal to use or carry a firearm "during and in relation to" any federal "crime of violence." Section 924(c)(3) "proceeds to define the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." Davis, 139 S.Ct. at 2324. A felonious offense qualifies as a crime of violence if it "has an element the use, attempted use, or threatened use of physical force against the person or property of another" [i.e. the elements clause], or if "by its nature, [it] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" [i.e. the residual clause]. 18 U.S.C. § 924(c)(3).

Given this background, Oliver is entitled to his requested relief based on the following syllogism. The only "crime of violence" predicate offense for Oliver's § 924(c) violation, and thus his § 924(j) conviction, was a conspiracy to commit Hobbs Act robbery. (Case No. 3:11-cr-00012-21, Doc. No. 2081 at 3–4.) Conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only under the residual clause in § 924(c)(3)(B). See United States v. Ledbetter, 929 F.3d 338, 361 (6th Cir. 2019). And the residual clause in § 924(c)(3)(B) was deemed "unconstitutionally vague" by the Supreme Court's recent opinion in Davis, 139 S.Ct. at 2236. Thus, Oliver's conviction was unconstitutional because conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under the now-invalidated residual clause in § 924(c)(3), and there is no qualifying predicate offense to support Oliver's conviction under §§ 924(c) or 924(j). Accordingly, Oliver's motion to vacate will be granted. See Ledbetter, 929 F.3d at 361.

3

The Government does not dispute that the Court must vacate Oliver's § 924(j) conviction in light of Davis. Instead, it argues that the appropriate remedy is not Oliver's immediate release, but rather substitution of the lesser-included offense of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and then a resentencing on that count. (Doc. No. 16 at 6.) As an initial matter, the Court has concerns about whether it has authority under § 2255 to find Oliver guilty on a count that the Government previously dismissed. Section 2255(b) provides that if a court finds that collateral relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Because collateral relief is warranted here, it appears most appropriate to discharge Oliver.

The Government cites several out-of-circuit cases[3] for the proposition that a court may grant a § 2255 petition and correct a defendant's sentence by vacating the offense of conviction and substituting in its place a previously vacated lesser-included offense of conviction. (Doc. No. 16 at 11 (citing Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000); United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997); United States v. Silvers, 90 F.3d 95, 99-100 (4th Cir. 1997); United States v. Cross, 256 F. Supp. 3d 46, 49 (D.D.C. 2017).) But that remedy was available in those cases because a jury either explicitly (Rutledge, Hillary, and Silvers) or impliedly (Cross) made a guilt determination on the lesser-included offense attributable to the defendant. Here, Oliver has not been adjudged guilty, either explicitly or impliedly, of the dismissed count of conspiring to commit Hobbs Act robbery. Thus, the Government's cases are

---

[3] Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000); United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997); United States v. Silvers, 90 F.3d 95, 99-100 (4th Cir. 1997); United States v. Cross, 256 F. Supp. 3d 46, 49 (D.D.C. 2017).

distinguishable, and it is not clear that § 2255 authorizes the Court to revive an expressly dismissed count and grant the Government's requested remedy.

In any event, the Court is not convinced that a conspiracy to commit Hobbs Act robbery is a lesser-included offense of a § 924(j) violation, which necessarily requires a § 924(c) violation. Indeed, other courts have specifically held that "Conspiracy to Commit Hobbs Act Robbery is not a lesser included offense of the 924(c) violation." United States v. Stack, Case No. 2:13-cr-00212, 2020 WL 1531343, at *2 (D. Nev. Mar. 31, 2020); see also United States v. Kyker, No. 2:13-cr-00212-KJD, 2020 WL 1531077, at *2 (D. Nev. Mar. 31, 2020); Ford v. United States, No. 1:16-cr-149, 2020 WL 714134, at *2 (E.D. Va. Feb. 12, 2020); Williams v. United States, No. 4:17-cr-61, 2019 WL 3843066, at *3 (E.D. Va. Aug. 15, 2019). The Court disagrees with the Government that this line of cases was wrongly decided (see Doc. No. 16 at 8 n.5), particularly because § 924(c) is a "distinct offense" that imposes a penalty "'*in addition to* the punishment provided for [the predicate] crime of violence or drug trafficking crime.'" See Dean v. United States, 137 S.Ct. 1170, 1174 (2017) (quoting 18 U.S.C. § 924(c)(1)(A)). Accordingly, it would be improper for the Court to now sentence Oliver for conspiring to commit Hobbs Act robbery.

To be sure, the Court is troubled by the Factual Basis in Oliver's plea agreement (Case No. 3:11-cr-00012-21, Doc. No. 2607 at 12–14) because it strongly suggests, as the Government points out, that Oliver is guilty of conspiracy to commit Hobbs Act robbery. However, the Court is hesitant to use the Factual Basis to revive counts that the Government agreed to dismiss. Otherwise, it would be possible for the Court to retroactively find Oliver guilty of several crimes that he did not agree to plead guilty to. The Court has not been willing to establish that precedent in the past, nor will it choose to do so now.

As a final note, the Court acknowledges that Oliver's release may strip the victim's family members from the closure they once had. But the Court's specific role in this case, and its general purpose in our tripartite system, is to interpret and apply the laws enacted by Congress in a consistent, fair, and constitutional way. Neutral judicial decision-making must be separated from emotion. Otherwise, there would be no certainty in the law, with judges being able to decide cases based on sympathy for the parties or victims, or even worse, their political agendas. Although the law's application in this case may seem rigidly technical, technicalities cannot be ignored depending on where they may land on a moral compass. At the end of the day, Oliver pled guilty to a crime that has since been deemed unconstitutional, and the only consistent, fair, and constitutional action the Court should take is to order him discharged from custody.

## IV. CONCLUSION

For the foregoing reasons, Oliver's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 9) is **GRANTED**. Oliver's conviction of murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j) (Case No. 3:11-cr-00012-21, Doc Nos. 2756, 2757), is **VACATED**. Oliver is ordered discharged from custody.

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:11-cr-00012-21.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE